# Phillips *v.* Bradshaw.

### *Libel and Slander.*

(Decided January 17, 1913.   Rehearing denied April 23, 1913.
61 South. 909.).

1. *Libel and Slander; Privileged Communication; Statement by Officer of a Corporation.*—Where defendant as president of a corporation, while engaged in the corporation's business charged plaintiff, who was the corporation's overseer, with the larceny of certain cotton and cotton seed belonging to the corporation, the statement is none the less privileged because it concerned the business of the corporation, and not that of defendant individually.

2. *Same; Pleading; Denial of Malice.*—Where the action was for slander in charging theft against the overseer of a plantation belonging to a corporation, against the president of the corporation individually, and defendant as such president pleaded privilege and alleged that the statement was made without malice, and the words spoken in good faith, the plea was not defective because it fails to explain the fact that the communication was made in the presence of "divers others" by setting forth every fact on which defendant relied to show a reasonable occasion.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Action for slander and libel by L. W. Phillips against Caldwell Bradshaw. Judgment for defendant and plaintiff appeals.   Affirmed.

The following are the pleas referred to:

"(4) That on the date alleged in the complaint as the date upon which the alleged slanderous or defamatory words are alleged to have been spoken by defendant concerning plaintiff, the defendant was the president of the Birmingham Industrial Company, a corporation; that said corporation owned at said time a large tract of real estate situated in Russell county, Ala.; and that on the occasion referred to in said complaint this defendant was on a visit to said plantation in Russell county, and was at such time engaged in looking after and protecting

the interests of said corporation, of which he was president as aforesaid, by lookng after the gathering in and harvesting of the crops grown or raised on said plantation during the year 1907; that at such time and for some time before and after the 30th day of November, 1907, one W. S. Prince was the employed overseer or superintendent of said plantation, and as such was the overseer or superintendent of the said Birmingham Industrial Company. And defendant further alleges that the allegations in said complaint averring that this defendant charged or stated or spoke of and concerning the plaintiff, that plaintiff 'stole 15 bales of cotton and a whole lot of seed cotton, he did not know how much, from him,' or that 'Dr. Phillips (meaning plaintiff) had stolen 15 bales of cotton and a whole lot of seed cotton, he did not know how much, from defendant,' have reference to what passed in a conversation had between said W. S. Prince, an overseer of the Birmingham Industrial Company, and this defendant, as president of the Birmingham Industrial Company, upon the occasion of this defendant's visit to said plantation in Russell county, as aforesaid; and this defendant alleges and avers that every word spoken by him on said occasion of and concerning this plaintiff to the said W. S. Prince, as aforesaid, was spoken bona fide and without malice toward plaintiff, with the view and purpose of protecting the interests of the said Birmingham Industrial Company, and to prevent the loss or waste of the crops grown on said plantation for the said year 1907. (5) That on the date alleged in the complaint as the date upon which the alleged slanderous or defamatory words are alleged to have been spoken by the defendant concerning the plantiff, the defendant was president of the Birmingham Industrial Company, a corporation; that said corporation owned at said time a large tract of land situated in

[Phillips v. Bradshaw.]

Russell county, Ala.; and that on the occasion referred to in said complaint this defendant was on a visit to said plantation in Russell county, and was at such time engaged in looking after and protecting the interests of said corporation in and about the gathering in and harvesting of the crops grown or raised on said plantation during said year; that at such time and for some time before, and after the 30th day of November, 1907, one W. S. Prince was employed overseer, or superintendent, of said plantation, and as such was the overseer or superintendent of the said Birmingham Industrial Company. And defendant further alleges that the allegations in said complaint averring the use of slanderous or defamatory words by defendant concerning plaintiff have reference to what passed in a conversation had between said W. S. Prince, an overseer of the said Birmingham Industrial Company, and this defendant, as president of the said Birmingham Industrial Company, upon the occasion of this defendant's visit to said plantation in Russell county, as aforesaid; and this defendant alleges and avers that all was said or spoken bona fide and without malice toward the plaintiff, with the view and purpose of protecting the interest of the Birmingham Industrial Company, pertaining to the gathering in and harvesting of the crops grown and raised on said plantation for the said year 1907."

B. DEG. WADDELL, and GLENN & DE GRAFFENRIED, for appellant. The declarations charged were not privileged, and demurrers were improperly overruled to pleas 4 and 5.—*Phillips v. Bradshaw,* 167 Ala. 199; 13 Allen 242; 1 Camp. 269; 4 Eywh. 582; 23 A. & E. Enc. of Law, 47; Greenl. on Evd. sec. 236; *Lawson v. Hicks,* 38 Ala. 279; *M. & M. R. R. Co. v. Yates,* 67 Ala. 164; *Ensley v. Morse,* 9 Ala. 266; Newell on Libel & Slander, 509. As

the words imported the commission of the crime, they were actionable per se, and the presumption is that they were uttered with malice.—Authorities supra.

J. E. HENRY, and THOMAS D. SAMFORD, for appellee. The court properly overruled demurrers to pleas 4 and 5.—*Easly v. Moss,* 9 Ala. 266; *Phillips v. Bradshaw,* 167 Ala. 199; 1 Camp. 269; 13 Allen 242.

SAYRE, J.—To a complaint for slander, alleged to have been uttered in the presence and hearing of "divers persons," appellee pleaded two pleas which appear in the record. The purpose of the pleas was to make out a case of privileged communication. The only point taken by the language of the demurrer and requiring notice is that the pleas failed to show that defendant bona fide believed the utterance necessary to the care of his property or the protection of his interest.

Some part of the argument for the demurrer, which was overruled in the court below, advances the idea that on the facts stated in the pleas Bradshaw had no confidential relation with the overseer or superintendent mentioned therein because the plantation and the overseer belonged to the Birmingham Industrial Company, not to Bradshaw as an individual; and that the alleged communication was in no sort or event privileged because it was about the business of the company. The idea is untenable. Bradshaw, acting for his company, was acting for himself also, and entitled to the same privilege as the company had it been possible for it to be corporally present and act for itself. As for this objection, the pleas stated a case within that class of cases which is conditionally privileged "where the author of the alleged mischief acted in the discharge of any public or private duty, whether legal or moral, which the ordinary exigen-

cies of society, or his own private interest, or even that of another, called upon him to perform."—*Lawson v. Hicks,* 38 Ala. 279, 81 Am. Dec. 49.

As for the rest, the argument for appellant seems to be resolvable into this: That defendant ought to have sought some opportunity of absolute secrecy for his communication to his overseer; otherwise, his plea ought to explain the fact that the communication was made in the presence of "divers others" by the allegation of every fact upon which he relies as tending to prove a reasonable occasion therefor. If the ground of demurrer means as much as the argument assumes it to mean, which is doubtful, still it was properly overruled, for, so far as concerned its first proposition, the pleas were framed to meet, and the trial court in its ruling followed, the views expressed in *Phillips v. Bradshaw,* 167 Ala. 199, 52 South. 662, where we said, following authorities there noted, that communications by an employer to his superintendent, having reference to the protection and care of the property committed to him, are to be considered as confidential, and, if made without express malice, are not actionable, though unjust and expressed in terms which would support an action under other circumstances; that the privilege is lost if the publication be excessive, or the language used go beyond the demands of duty or interest, but that it is not defeated by the mere fact that the statements are made in the presence of others than the parties immediately interested, nor that they are intemperate; that this is a question for the decision of the jury. To this it may not be amiss to add the few words of Lord Ellenborough in *Dunman v. Bigg,* 1 Campb. 269, where the defendant had charged the plaintiff with being a rogue and a rascal. He said: "To be sure, he (defendant) could not lawfully, under color and pretense of confidential communication, destroy the

plaintiff's character and injure his credit; but it must have dangerous effects, if the communications of business are to be beset with actions for slander. In this case, the defendant seems to have been betrayed by passion into some unwarrantable expression. I will therefore not nonsuit the plaintiff; and it will be for the jury to say whether these expressions were used with a malicious intention of degrading the plaintiff, or, with good faith, to communicate facts to the surety which he was interested to know."

It is not now insisted that the burden rested upon defendant of showing that the communications complained of were tempered to the reasonable demands of duty or interest otherwise than by the averment of a confidential relation and a denial of malice in the general way adopted in the pleas. But when he comes to the second aspect of the demurrer as argued, appellant's insistence is that the pleas fail to aver facts enough to rebut the prima facie excess of publication shown by the complaint. It is easy to conceive situations in which an employer may be acquitted of actual malice in making to his employee verbal communications in substance the same as the utterances alleged in the complaint, though made in the presence of others; albeit that extreme caution and regard for others which men rarely exercise in ordinary affairs, if consulted, might suggest strict confidence and the use of less offensive terms. A situation of that sort may well be colored and the judgment of the jury legitimately influenced by a great number of circumstances which the defendant has a right to bring into consideration, but which he cannot state within the decent limits of a formal plea. To some extent, therefore, after showing an occasion which may fall within the qualified privilege allowed him, he may resort to the use of general terms in denial of malice. In other words, the question

[Phillips v. Bradshaw.]

of excess, under the circumstances alleged, depending upon the presence of malice vel non, malice is sufficiently denied by the averment that the words complained of were spoken in good faith and without malice.

The cases concerning the privilege of communications between attorney and client, and husband and wife, to which appellant has referred, dealt with a different question, and proceeded upon a different principle. In them evidence of communications was excluded, without any reference to whether they were slanderous or not, because they were made in strict confidence in fact and in reliance on that policy of the law which protects against disclosure because of the necessity for perfect candor in transactions between parties standing in legitimate and recognized relations of confidence. That is a privilege which is waived in the beginning if the communication is made in the presence of witnesses, and, once waived, cannot afterwards be invoked. Here no privilege is invoked as against disclosure, but the invocation is of a privilege as against responsibility in damages on account of communications which under ordinary circumstances would be slanderous, but which the law, from motives of policy, also recognizes as privileged when spoken without actual malice upon a lawful occasion.

The special replications did no more than to assert the proposition of the demurrer to the pleas. If, however, they be indulged as averring facts, there was no need for them. By the complaint, the pleas, and the general replication, all meritorious issues attempted to be raised were properly made up for submission to the jury.

We have covered the case. There was no error.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.